UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01077-JVS | Date | March 29, 2024 |
| Title | In re John Olaf Halvorson | | |
| | USBC Central District - Santa Ana, 8:15-bk-13556-SC | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Appeal [14]**

Appellants Richard Baek; Grace Baek; Baek 153, LLC; Pacific Commercial Group, LLC; Baek Family Partnership, LLC; Baek 124, LLC; Baek Holdings, LLC; and RGJ Baek, LLC (collectively, "Appellants") appeal the Bankruptcy Court's Order granting Appellee Dan Halvorson's ("Appellee") motion for allowance of administrative expenses.  (Op. Br., Dkt. No. 14.)  Appellee responded.  (Resp. Br., Dkt. No. 15.) Appellants replied.  (Reply Br., Dkt. No. 16.)

For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's June 2, 2023, Order.

## I. BACKGROUND

At issue is the Bankruptcy Court's June 2, 2023, Order (the "June 2023 Order") granting the motion for allowance of administrative expenses pursuant to 11 U.S.C. § 503(b)(3)(D).[1]  (Not. of Appeal at 3, Dkt. No. 1.)

The present appeal relates to a bankruptcy case brought under Chapter 7 of the Bankruptcy Code involving Debtor John Olaf Halvorson.  (Id. at 1.)  Appellants and Appellee are creditors of the bankruptcy estate.  (Id. at 2.)  Appellee sought payment of an administrative expense claim related to his counsel's role in litigating the unclean hands defense against Appellants in a bifurcated trial.  (Id. at 5.)  The Bankruptcy Court

---

[1] The facts of this appeal are well known to the parties and the Court.  The Court recites only the relevant background and facts as necessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01077-JVS                                    Date  March 29, 2024

Title  In re John Olaf Halvorson

found that Appellee "'did reduce the amount of work required by the Trustee's counsel, thus representing a cost-saving to the Estate and benefit to the Estate,' and that the Trustee and [Appellee] engaged in mediation to determine that [Appellee] is entitled to an $80,000 administrative claim for the substantial contribution admitted above." (Id. at 5–6 (internal citation omitted).)  In granting the motion, the Bankruptcy Court allowed the claim "in the amount of $80,000 [which] shall be paid pro rata with other administrative claims." (Id. at 6.)  Appellants now appeal the June 2023 Order.

## II. LEGAL STANDARD

This Court has jurisdiction to consider this bankruptcy appeal under 28 U.S.C. § 158(a).  Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  When examining an appeal, a district court uses the same standard of review that a circuit court would use when reviewing a district court's decision.  See In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997).

## III. DISCUSSION

The issue Appellants present on appeal is a legal question: whether 11 U.S.C. § 503(b)(3)(D) permits a claim for administrative expenses on the basis of substantial contribution in a Chapter 7 case. (Op. Br. at 7.)  As such, the Court reviews the bankruptcy court's statutory interpretation de novo.  In re Maple-Whitworth, 556 F.3d 742, 745 (9th Cir. 2009), opinion corrected sub nom. In re Maple-Whitworth, Inc., 559 F.3d 917 (9th Cir. 2009); see also Vibe Micro, Inc. v. SIG Cap., LLC, No. 2:14-CV-01618-RFB, 2017 WL 2225569, at *2 (D. Nev. May 22, 2017), aff'd sub nom. Matter of 8Speed8, Inc., 921 F.3d 1193 (9th Cir. 2019).

The relevant portions of 11 U.S.C. § 503 read as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–
>
> . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01077-JVS                              Date  March 29, 2024

Title  In re John Olaf Halvorson

> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by–
>
> . . .
>
> > (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, *in making a substantial contribution in a case under chapter 9 or 11 of this title*; . . .

11 U.S.C. § 503(b)(3)(D) (emphasis added).

Appellants argue that the plain language of § 503 limits substantial contribution claims to Chapter 9 or Chapter 11 cases. (Op. Br. at 12.) Although courts are split on the matter, Appellants side with the view that § 503 applies only to Chapter 9 or Chapter 11 cases because to do otherwise would render the language "in a case under chapter 9 or 11 of this title" superfluous. (Id. at 14 (citing In re Machevsky, 637 B.R. 510 (Bankr. C.D. Cal. 2021)).) Moreover, Appellants point to "no indicia of congressional intent suggesting the plain language of the statute should be ignored." (Id. at 15.) Appellants further argue that limiting § 503 to Chapter 9 or 11 cases comports with the differing role of debtors and trustees in those cases versus cases brought under other chapters, including Chapter 7. (Id. at 18–19.)

Appellees respond that the plain language supports an inclusive reading of § 503(b) that allows substantial contribution claims in Chapter 7 cases. (Resp. Br. at 14.) Appellees contend that the word "including" in § 503(b) applies with the same force to subpart (D) and thus does not limit substantial contribution claims to Chapters 9 and 11. (Id. at 14–15.) Appellees reject an application of *expressio unius est exclusio alterius* as not permitted in reading § 503 under Ninth Circuit law. (Id. at 16, 20.) Appellees posit that by removing the formatting of the statute, it reads as inclusive of chapters other than 9 and 11. (Id. at 16.)

Courts in the Ninth Circuit and across the country are split on the permissibility of substantial contribution in Chapter 7 cases. In the absence of a binding answer, the Court is left to interpret § 503 under the traditional canons of statutory construction and persuasive authority. Beginning with the plain reading, § 503 on its face provides for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01077-JVS | Date | March 29, 2024 |
| Title | In re John Olaf Halvorson | | |

claims seeking "administrative expenses . . . incurred by . . . a creditor . . . in making a substantial contribution in a case under chapter 9 or 11 of this title." 11 U.S.C. § 503(b)(3)(D). Such claims are expressly permitted in Chapter 9 or 11 cases without reference to any other chapters of the bankruptcy code. As Appellants argue, the plain reading would seem to support the foreclosure of such claims in Chapter 7 cases. See In re United Educ. & Software, No. CC–05–1067–MaMeP, 2005 WL 6960237, at *9 (9th Cir. BAP 2005) ("While § 503(b)(3) acknowledges the substantial contributions of creditors to a chapter 9 or 11 bankruptcy estate, even an equitable approach cannot vary its plain meaning in order to allow such priority for services rendered in a chapter 7 case."). At first blush, the mention of just two chapters raises the "interpretive canon, *expressio unius est exclusio alterius*, expressing one item of [an] associated group or series excludes another left unmentioned." NLRB v. SW General, Inc., 580 U.S. 288, 290 (2017) (quoting Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 80 (2002)). But the inquiry merits other considerations, starting with the role of the word "including."

The statutory scheme of § 503 makes use of the word "including," but the word does not precede the particular provision in question that specifies "chapter 9 or 11." Throughout § 503, "including" appears five times. See id. § 503(b), (b)(1)(A), (b)(1)(B)(I), (b)(8), (c)(3). Unlike these five instances, the operative subparagraph here, § 503(b)(3)(D), is not directly introduced by "including" in the preceding subpart. A quandary then arises over whether the scope of the word. The scheme reflects the use of the word "including" even with respect to the subparts of subparts, such as its appearance in both § 503(b) and its immediate subpart § 503(b)(1)(A), stated below:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, *including*—
>
>> (1)(A) the actual, necessary costs and expenses of preserving the estate *including*—
>>
>>> (I) wages, salaries, and commissions for services rendered after the commencement of the case; and
>>>
>>> (ii) wages and benefits awarded pursuant to a judicial proceeding or a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-01077-JVS                                    Date   March 29, 2024

Title      In re John Olaf Halvorson

> commencement of the case under this title, as a result of a violation of Federal or State law by the debtor, without regard to the time of the occurrence of unlawful conduct on which such award is based or to whether any services were rendered, if the court determines that payment of wages and benefits by reason of the operation of this clause will not substantially increase the probability of layoff or termination of current employees, or of nonpayment of domestic support obligations, during the case under this title.

11 U.S.C. § 503(b) (emphasis added).  Through the lens of *expressio unius*, the scheme of repeating the word "including" suggests the legislature's intent to apply inclusive language only to the immediately following subprovision and exclude it from others.  In this reading, the scope of "including" does not carry across all successive subtiers—the appearance of the word in some provisions means its inapplicability in others.  Said another way, the word "including" would be required to immediately precede the tier that is meant to be interpreted expansively in § 503.

      To this point, some courts have held that had Congress intended to permit substantial contribution under the statute in cases arising under chapters other than 9 or 11, it would have directly applied expansive "including" language to § 503(b)(3)(D).  Machevsky, 637 B.R. at 537; In re Hackney, 351 B.R. 179, 201 (Bankr. N.D. Ala. 2006).  Under a related view, had Congress sought to permit substantial contribution claims in Chapter 7 cases, Congress would have refrained from identifying any specific chapters of the bankruptcy code in § 503(b)(3)(D) altogether.  See In re Concepts America, 625 B.R. 881, 890 (Bankr. N.D. Ill. 2021) ("Why would Congress specifically provide for substantial contribution claims in chapters 9 and 11 if they could simply be swept into a new category of actual, necessary expenses?").

      This perspective also implicates the "canon against surplusage."  The Supreme Court has consistently reaffirmed its commitment to the canon against surplusage, in that the Court is "obliged to give effect, if possible, to every word Congress used" when interpreting statutory language.  National Ass'n of Mfrs. v. Dep't of Defense, 583 U.S. 109, 128–29 (2018) (quoting Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979)).  "The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."  Yates v. United States, 574 U.S. 528, 543

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01077-JVS | Date | March 29, 2024 |
|---|---|---|---|

| Title | In re John Olaf Halvorson |
|---|---|

(2015) (plurality opinion; internal quotation marks and brackets omitted). "When a statutory construction thus 'render[s] an entire subparagraph meaningless,' [the Supreme] Court has noted, the canon against surplusage applies with special force. . . . And still more when the subparagraph is so evidently designed to serve a concrete function." Pulsifer v. United States, No. 22-340, 2024 WL 1120879, at *10 (U.S. Mar. 15, 2024) (quoting National Ass'n of Mfrs., 583 U.S. at 128) (internal citations omitted)).

Here, Appellants assert that the canon against surplusage rears its head in two respects. (Op. Br. at 21–22.) First, a reading of § 503(b)(3)(D) that permits substantial contribution claims in Chapter 7 cases could render the statute's specification of "a case under chapter 9 or 11 of this title" mere surplusage. (Id. at 22.) Second, it could also require the application of "including" across every subpart and derivative subpart that follows the word, rendering superfluous its usage in derivative subparts such as § 503(b)(1)(A) immediately following § 503(b). (Id. at 23.) In the reading suggested by Appellants and the court in Machevsky, Congress would only need to express "including" in two subparts, one right after the other, if the effect of "including" were limited to only those provisions that immediately follow. See Machevsky, 637 B.R. at 537. The conclusion to be drawn from the reading recommended by Appellants is that the statute relies on particular deployments of the word "including" to define the scope of its terms, and to read the word into a provision where it is not applied would be to render it nugatory throughout. (Id. at 22.) There is, however, a much simpler and more plausible reading demanded by the Bankruptcy Code and Ninth Circuit precedent.

When evaluating a different provision in § 503(b) and a different bankruptcy issue, the Ninth Circuit approached the statutory scheme from another angle. See In re Mark Anthony Const., Inc., 886 F.2d 1101, 1106 (9th Cir. 1989). The court began its analysis with a plain reading of the Bankruptcy Code's definition of the word "including" under 11 U.S.C. § 102(3). "The Bankruptcy Code specifically provides that 'including' is not a limiting term when used in the Code. 11 U.S.C. § 102(3). Especially in light of this unambiguous general directive, we conclude that the administrative expense statute's use of 'including' renders the *expressio unius* rule inapplicable to section 503." Id.

The Ninth Circuit's refrain from applying *expressio unius* to § 503 collides with the Supreme Court's oft-relied canon against surplusage. Although the court did address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01077-JVS | Date | March 29, 2024 |
| Title | In re John Olaf Halvorson | | |

not this particular conflict in Mark Anthony, it did, however, foresee conflicts in interpretation of the Bankruptcy Code in general. "The Bankruptcy Code is a complex, sometimes nearly opaque, statute, and the rules of construction we must apply to its dimmer aspects are themselves arcane, even contradictory at times." Id. at 1108. In these admittedly murky statutory waters, the Court proceeds with the Bankruptcy Code and Mark Anthony as its lighthouse.

Taking the Bankruptcy Code's non-limiting interpretation of "including" on its face (the statute reads, "'includes' and 'including' are not limiting"), courts are seemingly precluded from reading the word in any way that imposes limitations on what the statute might encompass. Such a reading would naturally rule out the application of *expressio unius* to the word "including" because *expressio unius* is a canon that expressly excludes. This is the most logical outcome of the showdown between "including" and *expressio unius*: whereas *expressio unius* forecloses the inclusion of any items not specifically listed, the canon has no room to apply where the word "including" operates to include items not listed. It is here where the Ninth Circuit's admonition against the employ of *expressio unius* to § 503 finds its footing. Given the force of § 102(3), "including" wins out between the two. The ultimate question then emerges: is the necessary follow-on conclusion that every subpart and successive subpart that follows the word "including" be considered part of a non-exhaustive list? As the principle of Occam's razor counsels, "the simplest explanation is usually the best one." The Court is inclined to conclude that it is *examples all the way down*.

In the Supreme Court's recent decision in Pulsifer, the Court addressed a similar conundrum of interpreting the introductory phrase of a list and whether it "may apply to, or modify, several terms coming after it, one by one by one." Pulsifer, 2024 WL 1120879, at *6. Although the Court did not address this precise point of the extent to which the word "including" applies to statutory subparts, its analysis still carries analytical weight and conveys a particular approach to construction by the Court. In Pulsifer, the Court drew comparisons to everyday speech, a popular children's book, and the Constitution.

> Suppose a person says after visiting a bookstore, "I bought a novel, a memoir, and a travel guide." That is just a more efficient way of saying "I bought a novel, bought a memoir, and bought a travel guide." The verb in the sentence carries over—some grammarians use the term "distribut[es]"—to every item

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01077-JVS | Date | March 29, 2024 |
|---|---|---|---|
| Title | In re John Olaf Halvorson | | |

on the ensuing list. B. Garner, Dictionary of Legal Usage 639 (3d ed. 2011). That practice is pervasive, indeed inescapable, in every kind of speech and writing.

Id. For our purposes, the key takeaway from Pulsifer is that the Supreme Court reads introductory phrases as applicable to each item that follows in a list, accommodating Congress when it "opt[s] to draft more concisely" such that a "statute means exactly what it would mean if Congress had stripped the phrase . . . from the prefatory line and repeated it . . . in the subsequent list."[2] Id. at *7.

In the spirit of this approach, the Court reads a provision that uses the word "including" as introducing a non-exhaustive list of examples that applies to the subparts encompassed by that provision. The result, then, is that the terms that would otherwise be deemed surplusage—such as derivative uses of the word "including" and the specification of "chapters 9 or 11"—instead serve as examples. It is this exemplary function that gives the words purpose and steers clear of the canon against surplusage. An example can hardly be deemed superfluous, meaningless, or without effect. See In re Maqsoudi, 566 B.R. 40, 44 (Bankr. C.D. Cal. 2017) (describing as "illogical" the Ninth Circuit Bankruptcy Appellate Panel's interpretation that "the word 'including' [meant] that the nine subsections of § 503(b) were nonexhaustive, but that the six examples of § 503(b)(3), which does not use the word including, were not non-exhaustive" in United Education & Software). Here, the "concrete function" of § 503(b) is to list examples of allowable administrative expenses, and derivative uses of "including" simply present additional examples. To wit, the appearance of "including" in § 503(b)(1)(A) immediately following § 503(b) creates a list of examples within a broader list of examples.

Appellants argue that Mark Anthony should not control because the court dealt with a "limited and specific holding" on different issues and did not address other canons of construction. (Op. Br. at 26.) But as the analysis here reveals, such concerns bear

---

[2] The Supreme Court proceeds from this analysis to make a finer point that a list need not be read as a whole, and that an introductory phrase may apply specifically and individually to each item in the list. Pulsifer v. United States, No. 22-340, 2024 WL 1120879, at *7 (U.S. Mar. 15, 2024). The Court does so to interpret whether the enumeration of elements in a statutory scheme—namely the criteria for the criminal history requirement in the federal sentencing law's "safety valve' provision. Id. at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01077-JVS                               Date  March 29, 2024

Title  In re John Olaf Halvorson

little weight in the face of § 102(3).  A plain reading of § 102(3) forecloses the use of "including" as a limitation and shuts the door on *expressio unius* and the canon against surplusage.  This reading may also explain the stark contrast between this Court's conclusion with that of the court in Machevsky, which did not directly address § 102(3) and therefore did not construe "including" as "not limiting."

     Appellants also pose the canon that "the specific governs the general."  (Reply Br. at 13 (citing RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012)).)  "The general/specific canon is perhaps most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission."  RadLAX, 566 U.S. at 645.  That canon, like the canon against surplusage, is a creature of "the cardinal rule that, if possible, effect shall be given to every clause and part of a statute."  D. Ginsberg & Sons, Inc. v. Popkin, 285 U.S. 204, 208 (1932).  Examples by their very nature are specific, in that they are meant to illuminate the contours of an otherwise broad, general statement.  Here, the general/specific canon has no application because the relevant specific terms in § 503(b) are not limits, but examples, and therefore they do not supersede the general permission for administrative claims that the examples are mean to explain.[3]

     In sum, the Bankruptcy Code does not permit a reading of the word "including" that imposes limits, and the Ninth Circuit does not permit the application of *expressio unius* to § 503.  The Court thus does not rely on *expressio unius*, the canon against surplusage, or any other canon of statutory interpretation to limit § 503(b) to only its enumerated examples immediately introduced by the word "including."  The Court instead reads "including" in § 503(b) to apply to the subparts it encompasses.  Because § 503(b)(3)(D) reflects only an *example* of the permitted claims for administrative expenses, the provision of "substantial contribution in a case under chapter 9 or 11 of this title" does not rule out substantial contribution in cases brought under other chapters.

---

     [3] To the extent that Appellants argue that Chapter 7 should be excluded from substantial contribution claims because trustees are not statutorily appointed in Chapter 9 or 11 cases, or because administrative claims for attorney's fees conflict with the American Rule, the Court finds the arguments unconvincing and unsupported by case law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01077-JVS                                   Date  March 29, 2024

Title     In re John Olaf Halvorson

The Court concludes that administrative expense claims for substantial contribution in Chapter 7 cases are not foreclosed by § 503(b).  A court may thus find that a creditor who satisfies the requirements under § 503(b) in a Chapter 7 case is eligible for an administrative claim, as the Bankruptcy Court found in its June 2023 Order.  Because Appellants make their appeal based solely on the legal challenge, and they do not challenge whether Appellee made a substantial contribution, the Court's inquiry ends here.

### IV.  Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's June 2, 2023, Order.

**IT IS SO ORDERED.**

cc: Bankruptcy Court